### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN GERARD SLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-254 NAB |
| | ) | |
| CADENA BRIM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on the motion of self-represented plaintiff Benjamin Slay, an inmate at St. Louis City Justice Center, for leave to commence this civil action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $17.96. *See* 28 U.S.C. § 1915(b)(1).  Additionally, for the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $89.83.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $17.96.

## 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court

2

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

On February 26, 2021, plaintiff, an inmate at St. Louis City Justice Center, filed this action pursuant to 42 U.S.C. § 1983 against Cadena Brim (Unit Manager), Netsanet Newete (Constituent Service Officer), Jeffrey Carson (Superintendent), Tonya Harry (Chief of Security) and Dale Glass (Commissioner). Plaintiff sues defendant Brim and Newete in both their individual and official capacities. He sues the remaining defendants in their official capacities only.

Plaintiff's allegations are handwritten and difficult to follow.  Including attachments, his complaint contains seventy-six (76) pages of material for review. Plaintiff has broken up his complaint into three large claims against the five defendants; however, each claim contains several separate allegations against individual defendants within each claim.

For example, plaintiff's first alleges that defendants Cadena Brim, Jeffrey Carson and Netsanet Newete harmed him by placing him in administrative segregation in December of 2019. Plaintiff asserts that he was placed in administrative segregation in retaliation for filing grievances,

although he acknowledges that defendants told him that he was placed in segregation for

behavioral issues.[1]

Within this one "claim," however, plaintiff describes several separate allegations against

defendants, including:

1. Superintendent Carson approved my AD-SEG placement for false reasons
2. Ms. Brim put me on AD-SEG lockdown on 12/3/19 for a false disciplinary report
3. …on 12/20/19 Ms. Brim made a false journal entry on me where she said I was aggressive.
4. On this same day, 12/20/19, is when Major Harry signed overturning my recommended AD-SEG release with zero justification why
5. On 1/9/2020, Ms. Brim's summary of findings for my AD-SEG classification hearing paperwork says "inmate was continued on A/S for his behavior"

Plaintiff's allegations in claim one appear to relate to his placement in administrative

segregation and his failure to be released in a timely manner from segregation.

In claim two, plaintiff asserts that defendant Newete picks and chooses which of his

grievances to respond to. He complains that defendant Newete is not responding to each of his

grievances after he files them. It is hard to follow how many different grievances that plaintiff

believes he has filed and when he believes defendant Newete should have responded to each

grievance. Plaintiff's "claim two" consists of pages fifteen (15) through thirty-five (35) in the

complaint and spans time periods between November of 2019 through February of 2021.

In claim three, plaintiff asserts that he was denied recreation from March 2020 until

February of 2021, during the Covid-19 pandemic. Plaintiff acknowledges in his complaint that he

---

[1]Plaintiff has attached the Incident Report resulting in his placement in administrative segregation. Incident No. 19004749. The report states, "Inmate Slay was returning back to HU-3 from main building when he stopped at HU-2 sallyport to try to talk to other inmates. He was told by Ofc. Griffin to keep moving, when he then turned around and began saying officers in this building [are] bitches and assholes in a[n] irate manner, to the point that Ms. Brim had to ask him to step in her office. Lt. Jackson was notified of this incident." The report is submitted by Officer Marnie Griffin.

is receiving some recreation, but he complains that he is not receiving daily recreation. He states, "I have only been given active recreation once in the last 10 days and about 16 times in the last 66 days." He complains that the Institutional Rulebook is not being followed during the Covid-19 pandemic. Plaintiff also complains that he has been denied recreation for various other reasons during from March 2020 through the present time period. His claims for denial of recreation make up pages thirty-six (36) through forty-two (42) of his complaint.

Plaintiff seeks damages, injunctive relief, as well as punitive damages. Plaintiff requests a different amount of damages from each individual defendant.

**Discussion**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought."  Because the complaint is overly long and repetitive, it does not comply with Rule 8(a), and it is dismissible as a result.  *See Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983).

Plaintiff's complaint is also subject to dismissal because it appears to advance numerous claims against multiple defendants concerning unrelated events that occurred over approximately a two-year period while plaintiff has been detained at the St. Louis City Justice Center.  These allegations brought under the same complaint are impermissible.  Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

5

Fed. R. Civ. P. 20(a)(2).  As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.  In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For example, in the instant complaint, plaintiff's allegations in claim one relating to his placement in administrative segregation and continued incarceration in administrative segregation do not appear to be related to his allegations in claim two that defendant Newete failed to properly respond to his grievances. Additionally, his allegations in claims one and two are not related to his assertions in claim three that he did not receive recreation according to Institutional Policy over the past two years. Unrelated claims against different defendants belong in different suits, in part to ensure that prisoners pay the required filing fees.

Because plaintiff is self-represented, the Court will permit him to file a second amended complaint on a Court-provided form that complies with the Federal Rules of Civil Procedure. Plaintiff shall have twenty-one (21) days from the date of this Order to do so.

### Instructions for Filing a Second Amended Complaint

In consideration of plaintiff's self-represented status, the Court will allow him to file a second amended complaint.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  **Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him**.  *See* E.D.

6

Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. **In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). **Each averment must be simple, concise, and direct.** *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). **If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.** *See* Fed. R. Civ. P. 20(a)(2).

**It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him**. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the

7

opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $17.96 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within twenty-one (21) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 11th  day of August, 2021.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

9