UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN GERARD SLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-254 NAB |
| ) | |
| CADENA BRIM, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted.). Furthermore, based upon a review of the complaint, the Court finds that the amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

On February 26, 2021, plaintiff, an inmate at St. Louis City Justice Center, filed this action pursuant to 42 U.S.C. § 1983 against Cadena Brim (Unit Manager), Netsanet Newete (Constituent Service Officer), Jeffrey Carson (Superintendent), Tonya Harry (Chief of Security) and Dale Glass (Commissioner). The Court reviewed plaintiff's original pleading on August 11, 2021 and ordered plaintiff to file an amended complaint on that date. Plaintiff filed an amended complaint on August 30, 2021.

In the amended complaint, plaintiff brings this action against defendants Netsanet Newete (Constituent Service Officer); Dale Glass (Commissioner); and Cadena Brim (Unit Manager). He is suing defendants in both their individual and official capacities.

Plaintiff alleges that defendant Newete has denied him "the grievance process" at the Medium Security Institute (MSI) in St. Louis. He asserts that Ms. Newete has not properly investigated his complaints and "closes complaints" written on her. He asserts that grievances are not being handled according to policy at MSI and this is "cruel and unusual punishment" as well as an access to courts problem.[1] Plaintiff complains that during his twenty (20) plus months at MSI he has filed over eighty (80) complaints "ranging from abuse, personal injury, loss of personal property, and violation of due process." Plaintiff asserts that "Ms. Newete hasn't handled any of these complaints properly and there has been zero action taken on any of them."

Plaintiff asserts that he complained to defendant Cadena Brim relative to the way the grievance process was being handled at MSI. On July 20, 2020, Ms. Brim told him, in response to his complaint, "Unfortunately, the IRR process is not as interactive as the paper and discussion method." Plaintiff states that he responded to Ms. Brim and told her how to improve the grievance system at MSI, while further complaining about how Ms. Newete had handled his complaints up to that time. Plaintiff asserts that on September 9, 2020, in response to his grievance appeal, Ms. Brim stated, "The tablet IRR system does not allow for further actions after the initial filing and response by the CSU. You will not receive copies of your complaints as these are recorded in the tablet." Plaintiff states that he was dissatisfied with Ms. Brim's response relative to his complaints about the grievance system at MSI.

Plaintiff complains that on his grievance appeal form, Dale Glass stated, "I have reviewed your appeal. I concur with the findings of Unit Manager Brim. Your requested remedies are

---

[1] Plaintiff has not explained how he was denied access to the Courts. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

denied." Plaintiff asserts that his requested remedies were: a formal grievance process to be handled correctly; a copy of all of his past IRRs and the responses to those IRRs; and a copy of the appeals to the responses to the IRRs.

For relief in this action plaintiff seeks the following: "I'd like the prison's grievance procedure handled by an outside agency, not someone employed by the City of St. Louis Division of Corrections." Plaintiff is also asking for monetary damages.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants failed to properly process his grievances at MSI in St. Louis. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court must dismiss plaintiff's official capacity claims. The Court will also dismiss plaintiff's individual capacity claims against defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Official Capacity Claims

Plaintiff's official capacity claims against defendants are subject to dismissal. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir.

4

2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Plaintiff alleges that defendants Netsanet Newete (Constituent Service Officer); Dale Glass (Commissioner); and Cadena Brim (Unit Manager) are employed by the City of St. Louis. Accordingly, his official capacity claims are against their employer, the City of St. Louis.

A local governing body such as St. Louis City can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of St. Louis City.

First, plaintiff can show that St. Louis City had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486

F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against St. Louis City by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He also fails to present any facts indicating that St. Louis City failed to train its employees. Instead, plaintiff's complaint focuses on his complaints with the way the grievance system was run at MSI. The Court, however, cannot infer the existence of an unconstitutional policy or custom from his own complaints with a grievance system. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991). As such, plaintiff's official capacity claims against defendants are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Individual Capacity Claims

Plaintiff's individual capacity claims against defendants are also subject to dismissal. In essence, plaintiff is complaining about the nature of the grievance system at MSI. He complains that he has turned in over eighty (80) complaints during his time there, but he did not approve of the way his complaints were handled.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Also, there is no federal constitutional right to a prison grievance

procedure, and neither state law nor state policy creates one.  Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (grievance procedure is procedural right only and does not confer substantive right on inmate).

To that end, a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights"). Based on the aforementioned, plaintiff's allegations against defendants are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of January, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE